UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMIE LLOYD,

                      Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

                      Defendants.



No. 15-cv-8539 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff Jimmie Lloyd ("Lloyd") brings various claims under 42 U.S.C. § 1983 for damages and injunctive relief against the City of New York and Police Officers Jimmy Perez and Shawn Moynihan, asserting violations of his federal civil rights in connection with an arrest and confiscation of his car. Now before the Court is Defendants' motion for summary judgment on the ground that Lloyd released his claims in this case when he settled a previous case, No. 14-cv-1589 (BMC) (LB), *Lloyd v. Police Officer Loweth et al.* (E.D.N.Y.). For the reasons set forth below, Defendants' motion is granted.

I. BACKGROUND

Jimmie Lloyd was arrested on December 18, 2014 for allegedly driving with fake license plates.[1] (Def. 56.1 ¶ 7; Doc. No. 30 ("Am. Compl.") at 2.) He was taken to the police station and given a desk-appearance ticket, and his car was temporarily confiscated. (Am. Compl. at 2.) On

---

[1] The following facts are generally taken from Defendants' Local Civil Rule 56.1 Statement (Doc. No. 49 ("Def. 56.1")), the declarations submitted in support of and in opposition to Defendants' motion, and the exhibits attached thereto (Doc. Nos. 48, 52). Because Plaintiff did not submit a 56.1 Counterstatement, the facts asserted in Defendants' 56.1 Statement are deemed to be admitted for purposes of this motion. Local Civ. R. 56.1(c). In deciding this motion, the Court also considered Defendants' memorandum of law (Doc. No. 50 ("Mem.")), Plaintiff's opposition (Doc. No. 52 ("Opp'n")), and Defendants' reply (Doc. No. 53 ("Reply")).

October 29, 2015, Lloyd, proceeding *pro se*, filed this suit against two John Doe officers and the City of New York, alleging various constitutional violations in connection with his arrest. (Doc. No. 2; *see also* Doc. No. 8 (construing Lloyd's complaint to assert claims against the City of New York, since the New York City Police Department is not a suable entity).) After a pre-motion conference, Lloyd filed an amended complaint on September 20, 2016 that identified the John Doe officers and corrected the date of his arrest. (Doc. No. 30.)

Defendants answered the amended complaint on October 11, 2016 (Doc. No. 32), but about two weeks later requested permission to file a motion to dismiss, which the Court construed as a request to file a motion for summary judgment, because they had learned about a settlement and general release of claims that Lloyd had executed in a previous case against different police officers. (Doc. Nos. 34, 35; *see* No. 14-cv-1589 (BMC) (LB), *Lloyd v. Police Officer Loweth et al.* (E.D.N.Y.) ("*Lloyd I*").) Specifically, on May 29, 2015, Lloyd, while represented by counsel and in consideration of a sum of money, signed a release (the "General Release") that provided in pertinent part as follows:

> I, Jimmie Lloyd, . . . do hereby release and discharge defendants [certain police officers]; their successors or assigns; the City of New York; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, . . . from *any and all liability, claims, or rights of action alleging a violation of my civil rights* and any and all related state law claims, *from the beginning of the world to the date of this General Release*, including claims for costs, expenses, and attorneys' fees.

(Def. 56.1 ¶¶ 3–5; General Release, Doc. No. 48, Ex. C (emphasis added).) Because Lloyd's December 18, 2014 arrest predated his execution of the General Release, Defendants argued that Lloyd had released the claims asserted in this case, along with all other civil rights claims he might have had against the City or its employees on or before May 29, 2015, and that his claims were therefore barred. (Doc. No. 34.) After another pre-motion conference, at which Lloyd confirmed

2

that he had signed the General Release (Def. 56.1 ¶ 9), Defendants filed their motion for summary judgment on January 23, 2017, and Lloyd – now represented by counsel – filed his opposition on March 2, 2017 (Doc. Nos. 46–50, 52). The motion was fully briefed on March 13, 2017. (Doc. No. 53.)

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156

F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact. A moving party is "entitled to judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is, point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Summary judgment is appropriate [in a contract dispute] if the terms of the contract are unambiguous." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).

### III. DISCUSSION

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). Although "federal law governs the validity of releases of federal causes of action," courts in this Circuit "look to state [contract] law to provide the content of federal law" in cases challenging the validity of such releases. *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir. 1993); *see also Fernandez v. City of New York*, 502 F. App'x 48, 50 (2d Cir. 2012). Here, the General Release does not include a choice of law provision, and the parties do not address choice of law in their papers. Nevertheless, because the parties have "impliedly manifested their acquiescence to New York law controlling" the interpretation of the General Release by relying exclusively on New York law in their submissions, *DER Travel Servs., Inc. v. Dream Tours & Adventures, Inc.*, No. 99-cv-2231 (HBP), 2005 WL 2848939, at *6 (S.D.N.Y. Oct. 28, 2005) (collecting authorities), the Court will apply New York law. "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Arzu v. City of New York*, No. 13-cv-5980 (RA), 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015) (citing

*Pampillonia v. RJR Nabisco. Inc.*, 138 F.3d 459, 463 (2d Cir. 1998); *Skluth v. United Merchants & Mfrs., Inc.*, 163 A.D.2d 104, 106 (1st Dep't 1990)); *see also Tromp v. City of New York*, 465 F. App'x 50, 51 (2d Cir. 2012) ("Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed."); *Davis & Assocs., Inc. v. Health Mgmt. Servs., Inc.*, 168 F. Supp. 2d 109, 113 (S.D.N.Y. 2001) ("[A] release is binding on the parties absent a showing of fraud, duress, undue influence, or some other valid legal defense.").

The General Release in this case is quite clear. It "release[s] and discharge[s] . . . the City of New York[] and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel . . . from any and all liability, claims, or rights of action alleging a violation of [Lloyd's] civil rights . . . from the beginning of the world to the date of this General Release [May 29, 2015] . . . ." (General Release.) The language unambiguously precludes Lloyd from bringing civil rights claims that accrued before May 29, 2015 against the City or its employees. Since the events giving rise to the civil rights claims in this case occurred on December 18, 2014, Lloyd released those claims as part of the settlement agreement in *Lloyd I*, and he is barred from bringing them against the City and the police officers here. Indeed, "courts in this Circuit have consistently concluded that similarly phrased releases between federal civil rights claimants and the City of New York bar suit against the City and its employees for alleged conduct predating the release." *Staples v. Officer Acolatza*, No. 14-cv-3922 (WHP), 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016); *see, e.g.*, *Dinkins v. Decoteau*, No. 15-cv-8914 (GHW), 2016 WL 3637169, at *3 (S.D.N.Y. June 29, 2016); *Arzu*, 2015 WL 4635602, at *4; *Roberts v. Doe 1*, No. 14-cv-9174 (RMB) (AJP), 2015 WL 670180, at *5 (S.D.N.Y. Feb. 17, 2015); *Walbrook v. Reilly*, 56 F. Supp. 3d 176, 177 (E.D.N.Y. 2014); *Jeffers v. City of New York*, No. 14-cv-5659 (BMC), 2014 WL 6675676, at *1 (E.D.N.Y. Nov. 25, 2014);

5

*Muhammad v. Schriro*, No. 13-cv-1962 (PKC), 2014 WL 4652564, at *5 (S.D.N.Y. Sept. 18, 2014); *Cuadrado v. Zito*, No. 13-cv-3321 (VB), 2014 WL 1508609, at *3 (S.D.N.Y. Mar. 21, 2014); *Smith v. City of New York*, No. 12-cv-3303 (CM), 2013 WL 5434144, at *5 (S.D.N.Y. Sept. 26, 2013); *Robinson v. Pierce*, No. 11-cv-5516 (GBD) (AJP), 2012 WL 833221, at *6–8 (S.D.N.Y. Mar. 13, 2012).

Lloyd's arguments to the contrary are unpersuasive. He first contends that the parties could not have intended to release the claims in this case because Defendants had no knowledge of their existence at the time the parties settled *Lloyd I*. (Opp'n at 2, 5.) But Defendants' knowledge of Lloyd's other claims at the time the release was executed is of no moment. "The best evidence of what parties to a written agreement intend is what they say in their writing," *Springle v. City of New York*, No. 11-cv-8827 (NRB), 2013 WL 592656, at *3 (S.D.N.Y. Feb. 14, 2013) (quoting *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002)), and the writing here plainly releases any and all claims as of a certain date, regardless of either party's knowledge of the possible existence of any other claims. *See, e.g.*, *Dinkins*, 2016 WL 3637169, at *3 ("To the extent that [plaintiff argues] that he understood the release to only bar claims on which no action had been taken prior to the execution of the General Release, . . . the unambiguous language of the General Release, rather than [plaintiff's] subjective understanding, controls."); *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012) ("With unambiguous contracts, a party's subjective intent and understanding of the terms is irrelevant.").

Lloyd also maintains that the Stipulation of Settlement and Stipulation and Order of Dismissal filed in *Lloyd I*, which recite the parties' agreement to dismiss "*this* litigation" in light of their settlement (Doc. No. 48, Ex. B; Doc. No. 52, Ex. A (emphasis added)), demonstrate the parties' intent to release only the claims in *Lloyd I*, or at least render the broad language of the

General Release ambiguous. (Opp'n at 2–3.) Courts do not consider extrinsic evidence of the meaning of a contract, however, unless the contract is ambiguous standing alone. *See, e.g.*, *HOP Energy*, 678 F.3d 158, 162 (2d Cir. 2012) ("Extrinsic evidence cannot be used to vary the terms of a facially unambiguous contract."); *Roberts*, 2015 WL 670180, at *4 ("Where the terms of an agreement are clear and unambiguous, the Court will not look beyond the 'four corners' of the agreement, and parol evidence of the parties' intentions is inadmissible."); *Greenfield*, 98 N.Y.2d at 569 (2002) ("Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous . . . ."). As just discussed, the General Release here is unambiguous, so the Court has no reason to resort to the separate stipulations, or to any other extrinsic document, to determine the scope of the General Release. In any event, even if the Court did have reason to consider the stipulations, it would not invest the phrase "this litigation" with the kind of significance that Lloyd urges. A stipulation to dismiss a particular case can quite naturally refer to "this litigation" or "this case" without somehow incidentally narrowing the deliberately broad language of a separate general release of claims. *See, e.g.*, *Tromp*, 465 F. App'x at 53 (rejecting similar argument that stipulation's recitation of parties' desire to resolve "this litigation" limited scope of separate general release rather than "simply evidenc[ing] the parties' intent to resolve the litigation at hand").

In sum, the language of the parties' General Release unambiguously bars Lloyd from bringing the claims asserted in this case. Since there is no suggestion of fraud, duress, undue influence, or any other valid legal defense, the release is binding on the parties, and Defendants are entitled to summary judgment on Lloyd's claims.

7

## IV. Conclusion

For the reasons set forth above, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 46, enter judgment in favor of Defendants, and close this case.

SO ORDERED.

Dated: May 22, 2017
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE